UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MOHAMED SALAMI, #879045,

    Plaintiff,

v.                                                                 CASE NO. 2:19-CV-11929
                                                                 HONORABLE ARTHUR J. TARNOW

SARAH VALADE, et al.,

    Defendants.
                               /

**OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS, DISMISSING THE CIVIL RIGHTS COMPLAINT, AND DENYING THE MOTIONS FOR DECLARATORY JUDGMENT AND PRELIMINARY INJUNCTION**

**I.    Introduction**

Michigan prisoner Michael Mohamed Salami ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, motions for declaratory judgment and preliminary injunction, and an application to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). His complaint concerns his parole eligibility and requirement that he participate in what he believes are Christian faith-based religious groups, such as Alcoholic's Anonymous, even though he is a Muslim. Plaintiff names several Michigan Department of Corrections employees, Gateway Foundation employees, and an administrative law judge as the defendants in this action and seeks a declaratory judgment and monetary damages. Having reviewed the matter, the Court denies the

application to proceed without prepayment of fees or costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he

has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Salami v. Michigan State Police Forensic Science Lab., et al.*, No. 2:18-CV-13282 (E.D. Mich. Feb. 5, 2019); *Salami v. Michigan State Police Forensic Science Lab., et al.*, No. 2:19-CV-10215 (E.D. Mich. Feb. 1, 2019); *Salami v. Winn, et al.*, No. 3:19-CV-11568 (E.D. Mich. May 31, 2019).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Plaintiff alleges no such facts to indicate that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed at

least three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he fails to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($50.00). Given this determination, the Court also **DENIES** his motions for declaratory judgment and preliminary injunction.

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2019